Michael W. Collins, State Bar# 197829
**Law Offices of Collins & Lamore**
**Attorneys at Law**
8 Whatney
Irvine, CA 92618
(949) 581-9300; FAX# (480) 287-8507

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Lisa B. Kelsaw; Audrey Kelsaw,<br><br>    Plaintiffs,<br><br>    vs.<br><br>THE PERRY LAW FIRM, A PROFESSIONAL CORPORATION; MICHELLE ANN HOSKINSON, and Does 1 – 10,<br><br>    Defendants | Case No.:<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br><br>15 United States Code § 1692 et seq |

Plaintiffs, LISA B. KELSAW & AUDREY KELSAW, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiffs (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. This action for statutory damages, attorney fees and costs is brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C.§ 1692:

a. There is abundant evidence of the use of Abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to Marital instability, to the loss of jobs, and to invasions of individual privacy.

b. Existing laws and procedures for redressing these Injuries are inadequate to protect consumers.

c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692K(d) and 28 U.S.C. §§ 2201 AND 2202.

4. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

////

////

////

## III. VENUE

5.  Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.SC. § 1692k(d), in that Defendants transacts business in this judicial district and some of the facts related to the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

6.  This lawsuit should be assigned to the Southern Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Orange County.

## V. PARTIES

7.  Plaintiffs, LISA B. KELSAW & AUDREY KELSAW (hereinafter "Plaintiff"), are natural persons. Plaintiffs are "consumers" within the meaning of 15 U.S.C. § 1692a(3) and "Audrey Kelsaw" is a "Senior Citizen" within the meaning of Cal. Civil Code §1761 (f).

8.  Plaintiff is informed and believes, and thereon alleges that Defendant, THE PERRY LAW FIRM, A PROFESSIONAL LAW CORPORATION (hereinafter "PERRY LAW"), is or was at all relevant times, a California Professional Law Corporation engaged in the business of collecting debts in this state with its principal place of business appearing to be located in Orange County, CA at: 20523 Crescent Bay Drive, 2nd Floor, Lake Forest, CA 92630. Pursuant to CA Secretary of State records PERRY LAW may be served as follows:

| Entity Name: | THE PERRY LAW FIRM, A PROFESSIONAL LAW CORPORATION |
|---|---|
| Entity Number: | C2881399 |
| Date Filed: | 05/17/2006 |
| Status: | ACTIVE |
| Jurisdiction: | CALIFORNIA |

| | |
|---|---|
| **Entity Address:** | 20523 CRESCENT BAY DR 2ND FL |
| **Entity City, State, Zip:** | LAKE FOREST CA 92630 |
| **Agent for Service of Process:** | MICHAEL R PERRY |
| **Agent Address:** | 20523 CRESCENT BAY DR 2ND FL |
| **Agent City, State, Zip:** | LAKE FOREST CA 92630 |

Defendant Michelle Ann Hoskinson (hereafter referred to as "Michelle") is an individual defendant and of counsel to The Perry Law Firm. She was the primary attorney engaged in the attempted illegal collection efforts against Plaintiffs and was directly responsible for the actions that are the subject matter of this complaint. Her current place of business is in this state and appears to be also located in Orange County, CA at: 20523 Crescent Bay Drive, 2nd Floor, Lake Forest, CA 92630.

9. The principal business of PERRY LAW & MICHELLE is the collection of debts using the mails and telephone, and PERRY LAW & MICHELLE regularly attempts to collect debts alleged to be due another. PERRY LAW & MICHELLE is a "debt collector" within the meaning of 15 U.S.C. § 1692A(6).

10. Does 1 – 10 are additional persons or entities responsible in some way for the harms suffered by Plaintiff as alleged herein, and will be named by their true names upon discovery thereof.

## VI. FACTUAL ALLEGATIONS

11. Plaintiff is alleged to have incurred a financial obligation, namely a consumer debt, with Smoketree Anaheim Homeowners Association (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. On 05/13/13, Plaintiff's counsel sent fax notice to Defendants that Plaintiff was represented by counsel (A true and correct copy of said fax is attached hereto as Exhibit "A"). Furthermore, a further notice was sent by email on that date and on 06/04/2013, to which receipt

was acknowledged by way of email form Defendants dated 06/17/2013 (A true and correct copy of these email communications is attached hereto as Exhibit "B").

13. Having been put on notice that Plaintiffs were represented by counsel, Defendants sent a collection demand directly to both Defendants (A true and correct copy of this collection demand is attached hereto as Exhibit "C"). This matter (letter <u>sent by mail</u> on 06/18/13) was previously adjudicated and Defendant, "Perry Law" only, was deemed in violation of the FDCPA. Notwithstanding, during said litigation, Defendants once again hand delivered the very same letter (i.e. Ex. "C") via courier to both Plaintiffs on March 20, 2014. Both Plaintiffs were emotionally shaken by this act by Defendants.

14. Plaintiff is informed and believes, and thereon alleges, that the letter sent hand delivered via courier by Defendant on 03/20/2014 directly to Plaintiffs when Defendants knew "the consumer [was] represented by an attorney with respect to such debt" was in violation of 15 USC 1692c(2).

15. Plaintiff is informed and believes, and thereon alleges, that the letter hand delivered to Plaintiffs on 03/20/2014 misrepresented the role and involvement of legal counsel.

16. Plaintiff is informed and believes, and thereon alleges, that the letter hand delivered to plaintiffs on 03/20/2014 misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

## VII. CLAIMS COUNT I - FDCPA
### FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff brings a claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

18. Plaint. incorporates all paragraphs of Complaint as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

20. Each Defendant, "PERRY LAW" & "MICHELLE", is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

21. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

22. Defendants have violated the FDCPA, The violations include, but are not limited to, the following.

    a. PERRY LAW & MICHELLE falsely represented or implied that attorneys had reviewed Plaintiff's account when they had not done so, in violation of 15 U.S.C. § 1692e(3) and 1692e(10);

    b. PERRY LAW & MICHELLE falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. § 1692e(3) and 1692e(10); and

    c. PERRY LAW & MICHELLE misrepresented the true source or nature of the collection communications, in violation of 15 U.S.C. § 1692e, 1692e(3), and 1692e(10);

    d. PERRY LAW & MICHELLE communicated directly to Plaintiff when PERRY knew "the consumer [was] represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address" was in violation of 15 USC 1692c(2).

23. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

24. As a result of Defendant's FDCPA violations, Plaintiff is entitled to an award, against each defendant, of statutory damages, actual damages, treble damages, costs and reasonable attorneys fees, pursuant to 15U.S.C. § 1692k.

////
////
////

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume Jurisdiction in this proceeding;

b) Declare that each Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(2), 1692e(10), 1692e(11), 1692e(13), 1692e(15), 1692c(a)(2), 1692c(c), 1692(e)3, 1692e, and such other statutes that may be proven at trial;

c) Award each Plaintiff statutory damages in an amount not exceeding $1,000 for each occurrence against each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A;

d) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15U.S.C. § 1692k(a)(3);

e) Award Plaintiff actual damages as may be proven at trial;

f) Award Plaintiff Audrey Kelsaw treble damages pursuant to Cal. Civil Code §3345;

g) Award Plaintiff such other and further relief as may be just and proper.

_____
Michael W. Collins, Esq.
Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Lisa B. Kelsaw; Audrey Kelsaw, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

_____
Michael W. Collins, Esq.
Attorney for Plaintiffs

COMPLAINT - 7

**Exhibits "A"**

**Law Offices of Collins & Lamore**
Attorneys At Law
8 Whatney #102
Irvine, CA 92618
949-581-9300; Fax# 480-287-8507

VIA FACSIMILE

DATE: May 13, 2013

TO: Michelle A. Hoskinson, Esq.

FROM: Michael W. Collins, Esq.

RE: **Smoketree Anaheim Homeowners Association vs. Audrey S. Kelsaw; Lisa B. Kelsaw;Case#: 30-2012-00612894**
**Our File#63407**

YOUR FAX NO: 949-379-3144

We are transmitting 2 page(s) including the cover sheet. If you do not receive all pages transmitted, please call 1-949-581-9300.

COMMENTS:

Please be advised that this office represents the above named defendant(s). Before discussing resolution and/or incurring further legal costs filing an answer or motion to vacate judgment if necessary, I would like to take a look at your supporting documents first. Additionally, I have determined that your suit was filed and served as to Ms. Audrey Kelsaw while she was under bankruptcy protection. Such action is clearly in violation of the BKP Stay. Rather than filing notice of stay, you had obligation to dismiss case and re-filed when stay lifted. Any continuing action on this unlawfully field suit is a BKP violation. Please take immediate steps to vacate your judgments, dismiss the action and properly re-file if your client so wishes. YOU ARE ON NOTICE OF YOUR BANKRUTCPY VIOLATIONS.

Furthermore, pursuant to the federal debt collection laws, this is a formal request that your offices cease and desist communication with either defendant, as well as their family and friends, in relation to this and all other alleged debts that are claim to be owed. Any further communication intended for either defendant should be directed to our offices. In accordance with the fair Debt Collection Practices Act, Section 809(b) Validating Debts, please let this serve as formal notification that the debt is disputed. I would appreciate a breakdown of current balance due, payments made to date, how you arrived at that balance, and which original account number that the suit relates to. In light of the pending lawsuit, time is of the essence. I await your reply.

Sincerely,

Michael W. Collins, Esq.
CSB# 197829

**Law Offices of Collins & Lamore**
Attorneys At Law
8 Whatney #102
Irvine, CA 92618
949-581-9300; Fax# 480-287-8507

Exhibit A-2

Hard copy will not follow in the mail.

**CONFIDENTIALITY NOTICE: The document being faxed is intended only for the use of the individual or entity to which it is addressed ad may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended addressee, or the employee or agent responsible for delivering the message to the addressee, you are hereby notified that nay dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the United States Postal Service. Your postage will be reimbursed. Thank you.

Exhibit A-3

## Michael W. Collins, Esq.

**From:** donotreply@faxthruemail.com
**Sent:** Monday, May 13, 2013 11:52 AM
**To:** mike@collinslamorelaw.com
**Subject:** Fax sent complete

Dear Michael W. Collins Law Office:

Thank you for using Fax Thru Email.  This message is to notify you that your recent fax submission completed successfully.

Details:
  Phone Number: 9493793144
  Total Pages: 2
  Fax Reference #: 16700304
  Ending Status: complete

Thank you,
The Fax Thru Email Team

----------------------------------------

This email was sent from a notification-only address. Please do not reply to this message. For assistance or other customer service inquires, please visit (http://support.godaddy.com/support?ci=22414&tab=3).

Exhibits "B"

## Michael W. Collins, Esq.

**From:** Michelle Hoskinson [mhoskinson@perrylaw.us]
**Sent:** Monday, June 17, 2013 11:45 AM
**To:** 'Michael W. Collins, Esq.'
**Subject:** RE: Smoktree vs Kelsaw

Exhibit B-1

Good Morning Mr. Collins:



Thank you,

Michelle A. Hoskinson
Attorney
mhoskinson@perrylaw.us

The Perry Law Firm
A Professional Law Corporation
20523 Crescent Bay Drive, 2nd Floor
Lake Forest, CA 92630
(949) 379-3141
(949) 379-3144 Fax
www.perrylaw.us

Please consider the environment before printing this e-mail

**PRIVILEGED COMMUNICATION PURSUANT TO EVIDENCE CODE §1152**

CONFIDENTIALITY NOTICE: The information and all attachments contained in this electronic communication are legally privileged and confidential information, subject to the attorney-client privilege and intended only for the use of intended recipients. If the reader of this message is not an intended recipient, you are hereby notified that any review, use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately of the error by return email and please permanently remove any copies of this message from your system and do not retain any copies, whether in electronic or physical form or otherwise.

TAX ADVICE DISCLOSURE: Pursuant to the requirements of Internal Revenue Service Circular 230, we advise you that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of: (1) avoiding penalties that may be imposed under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed in this communication.

Please note, we may be attempting to collect a debt and any information obtained may be used for those purposes.

If your obligation for this account was previously discharged or is subject to a bankruptcy proceeding, and if the obligation was not reaffirmed, this letter is being sent for informational purposes only.

---

**From:** Michael W. Collins, Esq. [mailto:mike@collinslamorelaw.com]
**Sent:** Tuesday, June 4, 2013 1:01 PM
**To:** mhoskinson@perrylaw.us; cbrennan@perrylaw.us; jnuckles@perrylaw.us; gproctor@perrylaw.us

**Subject:** FW: Smoktree vs Kelsaw
**Importance:** High

Exhibit B-2

I have not receuved a response to the above fax/email. You filed suit while stay was in effect. This make the suit void. You also claim to have served Audrey Kelsaw while stay was in effect. You need to vacate any judgment/default and dismiss the case. If not we will proceed accordingly.

Text of fax:

Please be advised that this office represents the above named defendant(s). Before discussing resolution and/or incurring further legal costs filing an answer or motion to vacate judgment if necessary, I would like to take a look at your supporting documents first. Additionally, I have determined that your suit was filed and served as to Ms. Audrey Kelsaw while she was under bankruptcy protection. Such action is clearly in violation of the BKP Stay. Rather than filing notice of stay, you had obligation to dismiss case and re-filed when stay lifted. Any continuing action on this unlawfully field suit is a BKP violation. Please take immediate steps to vacate your judgments, dismiss the action and properly re-file if your client so wishes. YOU ARE ON NOTICE OF YOUR BANKRUTCPY VIOLATIONS.

Furthermore, pursuant to the federal debt collection laws, this is a formal request that your offices cease and desist communication with either defendant, as well as their family and friends, in relation to this and all other alleged debts that are claim to be owed. Any further communication intended for either defendant should be directed to our offices. In accordance with the fair Debt Collection Practices Act, Section 809(b) Validating Debts, please let this serve as formal notification that the debt is disputed. I would appreciate a breakdown of current balance due, payments made to date, how you arrived at that balance, and which original account number that the suit relates to. In light of the pending lawsuit, time is of the essence. I await your reply.

Sincerely,

Michael W. Collins, Esq.
Director of Operations
Law Offices of Collins & Lamore
8 Whatney #102
Irvine, CA 92618
949-581-9300
Fax# 480-287-8507

---

**From:** Michael W. Collins, Esq. [mailto:mike@collinslamorelaw.com]
**Sent:** Monday, May 13, 2013 12:26 PM
**To:** 'mhoskinson@perrylaw.us'
**Subject:** Smoktree vs Kelsaw
**Importance:** High

See attached

Sincerely,

Michael W. Collins, Esq.
Director of Operations
Law Offices of Collins & Lamore
8 Whatney #102

Exhibits "C"

20025 Crescent Bay Drive, 2nd Floor  
Lake Forest, CA 92630

2900 Adams, Suite C150  
Riverside, California 92504

Telephone: (949) 379-3141  
Fax: (949) 379-3144  
www.perrylaw.us

 Exhibit C

June 18, 2013

Audrey S. Kelsaw & Lisa B. Kelsaw  
2390 South Willowbrook Lane, Unit 23  
Anaheim, CA 92802-3550

**PRIVILEGED INFORMATION**  
**PURSUANT TO EVIDENCE CODE §1152**

**VIA CERTIFIED & FIRST CLASS MAIL**  
**RETURN RECEIPT REQUESTED**

Re:  Smoketree Anaheim v. Kelsaw, et al.  
Subject Property: 2390 S Willowbrook Lane, Unit 23  
Anaheim, CA 92802  
Account No.: SMANA 0023-04  
Our File No.: 1191.0014

Dear Homeowner(s):

**IMPORTANT NOTICE: IF YOUR SEPARATE INTEREST IS PLACED IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR ASSESSMENTS, IT MAY BE SOLD WITHOUT COURT ACTION.**

This notice is to further inform you that your Association's maintenance assessment account is seriously delinquent. Lien foreclosure proceedings have been initiated against the subject property for the collection of delinquent assessments, and a Notice of Delinquent Assessment Lien was recorded on or about November 18, 2009 as instrument 2009-624075 in the official records of the Orange County Recorder's Office.

This notice is also to inform you that the thirty (30) day assessment lien processing period has expired. This office is continuing to pursue the collection of delinquent assessments and related collection fees and costs. Should you fail to resolve this matter with our office, the Association may foreclose upon the property.

The following is an itemization of the amounts currently owing on your account:

| | |
|---|---|
| Account Ledger (Assessments, Late Charges, Interest, Etc.) through June 18, 2013: | $10,336.86 |
| Legal Fees: | $1,677.50 |
| Collection Costs: | $425.54 |
| **Total Amount Due:** | **$12,958.84** |

This notice shall constitute a formal offer by the Association to meet and confer with you pursuant to California Civil Code § 1363.810, *et seq.*, to attempt to resolve any dispute related to the Total Amount Due indicated above and/or the Association's collection process. A copy of California Civil Code §1363.810, *et seq.*, is attached herewith for your information. If you wish to accept this offer, you must do so by submitting your written acceptance to facilitate a meet and confer with the Association. Your written acceptance must be received by our office within thirty (30) days from the date of this letter. If your written acceptance is not received within the prescribed date, this offer is deemed rejected. Upon the receipt of your acceptance, our office will arrange a meeting between you and the Association's Board of Directors to meet and confer in an attempt to resolve any dispute related to the Total Amount Due.